[No. 1167.]

## Ex Parte E. D. SWEENEY.

CONTEMPT—CONSTRUCTION OF STATUTES.—The statute relating to contempts and punishments must be strictly construed, and no interpretation should be given beyond its obvious meaning. (Stats. 1869, 267.)

IDEM—STATUTES APPLICABLE TO CASES OF CONTEMPT.—The provisions of section 449 of the criminal practice act (1 Comp. L. 2073) and of the "act in relation to fines" (2 Comp. L. 3288) apply to all cases of contempt, when criminal, as well as other misdemeanors.

CONTEMPT—CRIMINAL PROCEEDING, WHEN.—A contempt for the disobedience of a decree and violation of an injunction is in the nature of a criminal offense, and the proceeding for its punishment is in the nature of a criminal proceeding.

IDEM—FINE—IMPRISONMENT FOR NON-PAYMENT OF.—*Held*, that the fine imposed in such cases is punitive, inflicted for the public good; that imprisonment for the non-payment of the fine is but a mode, provided by statute, for the enforcement of the fine, incident to the power given to the court to impose the fine, and that it cannot be regarded in the light of punishment.

APPLICATION for discharge of petitioner upon *habeas corpus*.

The facts are stated in the opinion.

*Harris & Bartine*, for Petitioner.

*R. M. Clarke*, against Petitioner.

At Chambers, HAWLEY, C. J.:

Petitioner, upon a regular hearing had, was adjudged guilty of contempt of court, for disobedience to the decree and injunction in the case of *Phillips* v. *Welch*, 11 Nev. 187, in appropriating more water than he was entitled to by said decree. For this contempt he was fined five hundred dollars, and the commitment under which he is held declares that "if said fine be not paid forthwith," the petitioner is to be "imprisoned in the county jail of Ormsby county * * * for the space of two hundred and fifty days; that is to say, at the rate of one day for each and every sum of two dollars of said fine; and that for each day's imprisonment under this order defendant have credit

upon the said fine for the sum of two dollars; and that defendant, if he so desire, after having served out part of said period of imprisonment, may be discharged from custody and set at liberty upon his paying to the said sheriff any balance remaining due of said fine, after crediting thereon the imprisonment which defendant shall have undergone as aforesaid, at the rate of two dollars per day for such imprisonment, and not otherwise."

Petitioner claims that this order for his imprisonment is absolutely void, and hence that he is illegally restrained of his liberty.

The statute relating to contempts and punishments, like other statutes relating to proceedings criminal in their nature, is to be strictly construed, and no interpretation should be given beyond its obvious meaning. The section upon which petitioner relies reads as follows: "In cases of contempt the punishment shall be by fine and imprisonment; but no fine shall exceed the sum of five hundred dollars, and no imprisonment shall exceed the period of five days, except as provided in section four hundred and sixty-nine." (Stat. 1869, 267, sec. 473; 1 Comp. Laws, 1534.) The exception referred to has no application to a case like this. This section is identical in its provisions with the statute of 1861. (Stat. 1861, 389, sec. 440.) At common law the power to punish for contempts was unlimited, dependent only upon the discretion of the court imposing the sentence.

Under the statutes of this state, by the section above quoted, the power of courts is limited as to the extent of the punishment. No court or judge can impose a greater fine than five hundred dollars or imprisonment for more than five days (or both such fine and imprisonment), as a punishment, upon any person adjudged guilty of contempt.

In the proceeding against petitioner no imprisonment was imposed as a punishment for the contempt, and the question to be determined, is, whether the provisions of the criminal practice act, or the act in relation to fines, as to the method of enforcing fines in criminal cases, applies.

The criminal practice act in relation to the enforcement of judgments, provides that : "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every two dollars of the fine, or in that proportion." (Stat. 1861, 483, sec. 448 ; 1 Comp. Laws, 2073.)

The "act in relation to fines" provides, among other things, that the court in entering "a judgment, that the defendant in a criminal case pay a fine, * * * shall by such judgment direct that if the judgment or any part thereof is not paid, the defendant be imprisoned one day for each two dollars of the judgment not paid." (Stat. 1869, 96 ; 2 Comp. Laws, 3288.)

These provisions, in my opinion, apply to all criminal cases of every kind and character, not otherwise specifically provided for—to cases of contempt, when criminal, as well as to other misdemeanors. A contempt of the character of which petitioner was found guilty, is in the nature of a criminal offense, and the proceeding for its punishment is in the nature of a criminal proceeding. (*Phillips* v. *Welch,* *supra;* *Whittem* v. *State,* 36 Ind. 204; *Cartwright's Case,* 114 Mass. 239; *Hill* v. *Crandall,* 52 Ill. 73; *Williamson's Case,* 26 Penn. St. 19; *B. & O. R. Co.* v. *City of Wheeling,* 13 Grat. 57.) The fine imposed, in such a case, is punitive, inflicted as punishments in other criminal cases are inflicted for the public good, in order to secure obedience to lawful authority. The imprisonment is but a mode, which in this state is provided by statute, for the enforcement of the fine. It is incident to the power given to the court to impose the fine, and it cannot be regarded in the light of punishment.

In *Ex parte Bollig*, the petitioner was convicted of a violation of a city ordinance, before a police magistrate ; was fined twenty-three dollars, and ordered to be imprisoned until the fine was paid. It was contended that the imprisonment was a punishment for the offense and that such punishment was prohibited by the constitution. The court, in

discussing this question, said : "Power is given to the magistrate to assess a fine only on conviction. The language is, 'shall forfeit and pay the sum of twenty-five dollars.' This is the whole extent of the punishment, the assessment of a fine. The imprisonment, though connected in the sentence by the copulative conjunction 'and,' is but a mode provided for collecting the fine. It is incident to the power to fine, and cannot, in our judgment, be regarded in the light of punishment. (Paley, Conv. 271.) The constitution never designed to abridge the modes usually resorted to, and most generally pursued, to carry out the powers with which justices of the peace are vested. They have power to try a case and assess a fine on conviction. * * * To collect this fine and costs * * * the magistrate, in very many cases, would be powerless without the power to hold the offender until he paid them or was discharged in some other mode. * * * The provision of the constitution was designed to inhibit a justice of the peace from the trial of any case where imprisonment was denounced by the law as punishment in the first instance of conviction." (31 Ill. 95.)

In *Brock* v. *State*, the defendant was convicted of the offense of playing and betting at cards, and was sentenced to pay a fine of one hundred dollars and costs, and on failure to pay the same, to three months' imprisonment, unless said fine and costs were sooner paid. The court, in considering the effect of this sentence, said : "The penalty for the offense of which the defendant was convicted is pecuniary altogether. The court on imposing the penalty, may enforce its payment by adjudging that the party convicted be committed until the fine and costs are paid. The imprisonment is no part of the penalty imposed, but it is the means, and the legal means of enforcing the judgment of the court." (22 Ga. 101.)

If the courts have not the power to enforce a fine for contempt in a case like this, they would be powerless to compel obedience to their lawful decrees and judgments—a power which is inherent in all courts. The judiciary would,

indeed, hold but a barren scepter if their powers ceased with declaring the law. The mere imposition of a fine amounts to nothing unless it can be enforced. If the argument of petitioner's counsel, to the effect that the statute relating to contempts must govern this case as to the enforcement of the fine, as well as its imposition, should be sustained, then it would necessarily follow that there could be no enforcement of the judgment, for the statute does not provide any mode for its enforcement, either by the issuance of an execution or by imprisonment. The imposition of a fine under such a construction of the statute would be a mere farce. But the statute cannot, within its obvious meaning, be so construed. The courts are invested with the power to enforce as well as to pronounce their judgments. The language in the statute relating to contempts, that "no imprisonment shall exceed the period of five days," refers to the punishment. No imprisonment, *as punishment,* for contempt shall exceed five days. The entire section relates to punishments only, and was evidently not intended by the legislature as a prohibition of the power of courts to enforce their judgments imposing fines. It was intended as a limitation of the power of courts to inflict the punishment to the extent allowed by the common law, and it cannot, it seems to me, be construed as a prohibition against the enforcement of any fine in the usual and ordinary methods, provided by statute for the enforcement of judgments in criminal cases.

In *Brown* v. *People* the court said: "The only question in the case is, whether a justice of the peace who has imposed a fine for a contempt of his court, can imprison the party till the fine and costs are paid. Of this power we have no doubt. Such a power is indispensable to the proper administration of justice in these as well as all other courts. The statute has authorized justices' courts to impose a fine of five dollars for contempts, and to this extent it may be considered a limitation upon their power to fine for contempts, and it may even be held to take away the right to imprison directly for contempts; but surely, it could never

have been the intention of the legislature to limit the power of these courts to enforce the collection of such fines by the well-known modes previously practiced for the collection of such fines, and which is allowed for the collection of all other fines. It is a rule of the common-law, that all courts of justice possess the power to protect themselves from contempts, by fine and imprisonment, and this was intended to be limited and regulated, in justices' courts, rather than taken away. Should we hold that the only means these courts have of protecting themselves is by imposing fines and issuing ordinary executions to collect them, we might as well at once close the doors of these courts altogether. * * * A simple fine and a *fi. fa.* can have no terrors for one who has nothing, and never expects to have anything, out of which the fine could be made. The justice may fill his docket with such fines, and be laughed at all the time for his trouble. It is a matter of perfect indifference to such a party, whether he is fined five cents or five thousand dollars. * * * It was within the power of the justice, and it was his duty, to imprison the party guilty of the contempt, till the fine and costs were paid. We affirm the judgment without a moment's hesitation." (19 Ill. 614.)

The statutes of this state expressly provide that a judgment in a criminal case for a fine, imposed as a punishment, may be enforced by imprisonment, and the manner and extent of the imprisonment is specified. The statute in relation to contempts and their punishments must be construed with reference to these statutes in determining whether the fine can be enforced by imprisonment.

In *State* v. *Myers*, the defendant was adjudged guilty of contempt of court in violating an injunction; was fined thirty-five dollars, and an order was made that he stand committed until the fine be paid. It was there, as here, claimed that the court had no authority under the statute to impose the fine. The court, upon this question, said: " Section 3493 of the Code (relating to contempts) provides that the punishment for contempts by courts of record is limited to a fine of fifty dollars, and imprisonment not exceeding one

day. Section 4509 of the Code (relating to judgments in criminal cases) provides that 'a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine.' We understand the provision of this section to apply to all fines properly imposed, whether the statute under which the conviction be had provides a punishment of a fine only, or both fine and imprisonment." (44 Iowa, 584.)

Petitioner is remanded into custody.