(January 24, 1896.)

## LEVAN v. RICHARDS, JUDGE.

[43 Pac. 574.]

JURISDICTION—ABUSE OF DISCRETION—APPEAL.—When the district court in contempt proceedings keeps within its jurisdiction, and there is no abuse of the discretion vested in said court, there is no appeal. Nor will a writ of review lie in such case.

WRIT OF REVIEW—PUNISHMENT FOR CONTEMPT.—When, however, the district court exceeds its jurisdiction, the case may be brought to this court by writ of review. Section 5164 of the Revised Statutes of Idaho prescribes the punishment that may be inflicted by the court upon the person guilty of contempt and must be held to be a limitation of the power of the court, to punish the person so found guilty, and must also be held to be a negation of all other modes of punishment.

(Syllabus by the court.)

Original proceeding by writ of review.

John T. Morrison and W. E. Borah, for Plaintiff.

In so far as the judgment purports to find D. B. Levan guilty of contempt and to assess a fine against him in the sum of $25 no complaint is laid, but we contend that that portion of the judgment purporting to assess damages to the sum of $298.25 is wholly void and that the court had no jurisdiction to render any such judgment. In other words, that the sole power of the court in contempt proceedings is defined by our statute and is limited to a fine and imprisonment. This portion of the judgment being void, and being, as we contend, in excess of the court's jurisdiction, the proper way to review the contempt proceeding is by writ of review or *certiorari*. (*State v. Fourth Judicial Dist.*, 13 Mont. 347, 34 Pac. 39; *In re Shortridge*, 99 Cal. 526, 34 Pac. 227; *State v. Reed*, 3 Idaho, 554, 32 Pac. 202; *Curtis v. Richards*, 4 Idaho, 434, 40 Pac. 57; *In re MacKnight*, 11 Mont. 126, 28 Am. St. Rep. 451, 27 Pac. 336; *Barry v. Superior Court*, 91 Cal. 486, 27 Pac. 763; *Cooper v. People*, 13 Colo. 337, 373, 22 Pac. 790.) A writ of review will lie when there has been an excess of jurisdiction. (*People v. Johnson*, 30 Cal. 98; *Hybernia v. Superior Court*, 56 Cal. 265; *California Ry. Co. v. Central Pac. Ry. Co.*, 47

Cal. 528.) When the court renders judgment for a larger· amount, or in excess of its jurisdiction, it will be set aside upon a writ of review. (*Will v. Sinkwitz,* 39 Cal. 570; *In re Warring,* 50 Cal. 30; *Sargeant v. Davis,* 36 Cal. 552.) Section 5164 of the Revised Statutes of the state of Idaho is the source· of power in contempt proceedings. The statute in relation to· contempt is a limitation upon the power of the courts to punish for contempt. (*Galland v. Galland,* 44 Cal. 475, 13 Am. Rep. 167; *Ex parte Sweeney,* 18 Nev. 74, 1 Pac. 379; *Maxwell v. Rives,* 11 Nev. 213; *Boyd v. State,* 19 Neb. 134, 26 N. W. 925;. *Vanzandt v. Mining Co.,* 2 McCrary, 644, 48 Fed. 770; Cooley on Torts, 493.) The court has no power to impose a fine or assess damages in a contempt proceeding for the benefit of· another party, either as disbursements or counsel fees, unless· there is an express provision of the statute to that effect. (*O'Rouke v. Cleveland,* 49 N. J. Eq. 577, 31 Am. St. Rep. 719, 25 Atl. 367; *Eads v. Brazelton,* 22 Ark. 499,. 79 Am. Dec. 88; *Ex parte Henshaw,* 73 Cal. 486, 15· Pac. 110; *Worden v. Searls,* 121 U. S. 14, 7 Sup. Ct. Rep. 814; *Kirk v. Milwaukee Mfg. Co.,* 26 Fed. 501.) The punishment prescribed by statute is a negation of all other modes of· punishment. (*Ex parte Robinson,* 19 Wall. 205; *United States v. A. T. & F. S. Co.,* 16 Fed. 863; *Vanzandt v. Argentine Min. Co.,* 2 McCrary, 642, 48 Fed. 770; Hawes on Jurisdiction of· Courts, sec. 223.)

L. Vineyard, W. H. Clagett and Attorney General George M. Parsons, for Defendant. .

This court is without jurisdiction to hear and determine the· issue herein involved upon a writ of review, plaintiff having a. plain, speedy, and adequate remedy at law, by appeal, or writ of error. "The supreme court has jurisdiction to review all decisions of the district courts, or the judges thereof, upon appeal." (Const., art. 5, sec. 9.) "Where the record brought up· by writ of *certiorari* shows upon its face no final judgment has. been entered in the court below, and that the cause is still pending there, the writ will be quashed." (2 Spelling's Extraordinary Relief, sec. 1894.) We submit that the record in terms shows an order for judgment only, does not show a final judg-

ment and does not show any entry of judgment. "A *certiorari* will not lie where an appeal is allowed." (*Nevada Cent. R. Co. v. District Court,* 21 Nev. 409, 32 Pac. 673; 2 Spelling's Extraordinary Relief, sec. 1937; *State v. Huston,* 40 La. 434, 4 South. 131; *State v. Monroe,* 41 La. 314, 6 South. 539.) The limitation of punishment to fine and imprisonment does not prevent those courts from requiring costs (including attorney fees necessarily incurred by the plaintiff, in overcoming the resistance of the defendant in contempt proceedings) to be paid. (*In re Childs,* 22 Wall. 169; Wharton's Criminal Pleading and Practice, sec. 972; *United States v. Patterson,* 26 Fed. 509; *Doubleday v. Sherman,* 8 Blatchf. 45, Fed. Cas. No. 4020; *Stimpson v. Putman,* 41 Vt. 238.) It is within the power of the court to decree the payment of the legal expenses of the suit. Legal expenses may well be included in this provision and this includes the fees to attorneys. (*Ex parte Perkins,* 18 Cal. 60, 64, 66.) Plaintiff contends that the source of power in contempt proceedings is Revised Statutes, section 5164. We would say that this is not the source of power in contempt proceedings; the power is inherent in the court. Section 5164 is a limitation upon the power of the courts to punish for contempt. (*In re Robinson,* 19 Wall. 205; *Ex parte Sweeney,* 18 Nev. 74-78, 1 Pac. 379; *Galland v. Galland,* 44 Cal. 475, 13 Am. Rep. 167; *State v. Morrill,* 16 Ark. 384; *Johnson v. Superior Court,* 63 Cal. 579; *Ex parte Adams,* 25 Miss. 883, 59 Am. Dec. 234; *State v. Matthews,* 37 N. H. 450-453; *In re Shortridge,* 99 Cal. 526, 37 Am. St. Rep. 78, 34 Pac. 229.)

Writ of review by D. B. Levan against the third district court in and for Boise county (J. H. Richards, judge) and others. Judgment modified.

The petitioner was cited to appear before the court for contempt in disobeying the order of the court. He pleaded not guilty. An investigation was thereupon had, and evidence taken, with the result that the petitioner was found guilty of contempt of court. It was further found that in committing said contempt the petitioner had stopped or delayed the survey of mining property which had been ordered by the court; that in so doing he had damaged the party making the survey,

namely, John Ranson et al., plaintiffs in the suit of *John Ran-son et al. v. D. B. Levan et al.,* as follows, namely:

| | |
|---|---:|
| Services of surveyor | $ 20 00 |
| Services of chainmen | 12 00 |
| Services of flagmen | 7 00 |
| For meals | 4 25 |
| Services of two witnesses | 5 00 |
| Fees of attorneys | 250 00 |
| Total | $298 25 |

The said district court thereupon proceeded to assess a fine of twenty-five dollars upon the petitioner, D. B. Levan, and entered the following judgment, to wit: "Now, therefore, in consideration of the premises, it is ordered and adjudged by the court that the said defendant, D. B. Levan, be fined in the sum of twenty-five ($25) dollars penalty, and the costs and disbursements of plaintiffs above mentioned herein, amounting in the aggregate to the sum of two hundred ninety-eight dollars and twenty-five cents ($298.25); and it is hereby further ordered and adjudged that the said defendant, D. B. Levan, deposit with the clerk of this court, within ten days from the date of this order, the said sum of twenty-five ($25) dollars fine, and the said sum of two hundred ninety-eight dollars and twenty-five cents ($298.25) costs and disbursements, with the clerk as aforesaid, and this sum shall be paid over to the attorneys of record of the plaintiffs herein, on their demand; and in case said sums, respectively shall not be so deposited within ten days as aforesaid, the clerk of this court shall, without further direction, issue a special execution against the property of the said D. B. Levan for the collection of the same, and that, in addition thereto, the the plaintiffs herein may make application to the court, or judge thereof, for an order upon said D. B. Levan to show cause why he should not be punished for contempt in failing to make such deposit, which said judgment was signed and recorded as judgment of said court." No findings of fact or conclusion of law were made. The defendant in said contempt proceedings presents the case to this court for review.

MORGAN, C. J. (After Stating the Facts.)—The petitioner makes no objections to the action of the court in the assessment of the fine of twenty-five dollars and costs of the contempt proceedings, but alleges that that portion of the judgment proposing to assess damages in the sum of $298.25 is wholly void, and that the court had no jurisdiction to render any such judgment; in other words, that the sole power of the court in contempt proceedings is defined by our statute, and is limited to a fine and imprisonment. The defendants contend that the writ of review will not lie, because there is a remedy by appeal. No writ of error will lie and no appeal can be taken from a void judgment. Therefore the controversy reverts to the question as to whether the part of the judgment objected to is in excess of the jurisdiction of the court, and therefore void. Section 5168 of the Revised Statutes of Idaho is as follows: "The judgment and orders of the court or judge made in case of contempt are final and conclusive." The statute, then, indicates very clearly that when the district court, in contempt proceedings, keeps within its jurisdiction, and there is no abuse of the discretion vested in said court, there is no appeal. It is clear, also, that, where the court confines its judgment to matters within its jurisdiction, its judgment cannot be reviewed by this court. Section 5164 of our statute is as follows: "Upon the answer and evidence taken, the court must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed upon him not exceeding five hundred ($500) dollars, or he may be imprisoned not exceeding five (5) days, or both." This is precisely the same as the statute of California relating to the same subject matter. With reference to that statute, the supreme court of California, in the case of *Galland v. Galland,* 44 Cal. 478, 13 Am. Rep. 167, says: "In this state the power of courts to punish for contempt has been regulated by statute. It is provided that, when one is adjudged guilty of contempt, he may be punished by 'a fine of not exceeding five hundred ($500) dollars, and by imprisonment for not exceeding five (5) days, except,' etc. (Practice Act, secs. 488, 489.) This is a limitation upon the power formerly exercised by courts to punish for contempt." ·

In the case of *Kirk v. Manufacturing Co.,* 26 Fed. 501, the court says: "The sole power of the federal courts to punish for contempt of their authority, both at law and in equity, is derived from section 725 of the Revised Statutes; and they cannot impose penalties, under the state statute, in the form of pecuniary indemnity to the party injured." The above was a case on appeal from the United States circuit court for Wisconsin. In that state the statute provides that, if any actual loss or injury has been produced to any party by the misconduct alleged, the court shall order a sufficient sum to be paid by the defendant to such party to indemnify him, and to satisfy his costs and expenses, instead of imposing a fine upon said defendant. (Wis. Rev. Stats., sec. 3490.) We have no such statute as the one quoted above, and therefore the district court, in contempt proceedings in this state, has no authority, under the statute, to proceed to assess any damages against the party for the loss or injury that may have been suffered by the party in the cause in which the contempt was committed. In *Maxwell v. Rives,* 11 Nev. 214, the court says: "The statute concerning contempts is a penal statute, and must be strictly construed in favor of those accused of violating its provisions." The same is also held in *Ex parte Sweeney,* 18 Nev. 74, 1 Pac. 379; also, in *Boyd v. State,* 19 Neb. 134, 26 N. W. 925. In the case of *Ex parte Robinson,* 19 Wall. 512, the court says: "The law happily prescribes the assessment which the court can impose for contempt. The seventeenth section of the judiciary act of 1789 [referring to the Revised Statutes of the United States] declares that the courts should have power to punish contempts of their authority, in any case or hearing, by a fine or imprisonment, at their discretion. The enactment is a limitation upon the manner in which the power shall be exercised, and must be held to be a negation of all other modes of punishment. The judgment of the court disbarring the petitioner, treated as a punishment for the contempt, was therefore unauthorized and void." So with our statute; Revised Statutes, section 5164, prescribes the punishment that may be inflicted by the court upon the person guilty of contempt, and must be held to be a limitation of the power of the court to punish the party so found guilty, and must also

be held to be a negation of all other modes of punishment. It will be seen, therefore, that that part of the judgment assessing the damages to the injured party in the sum of $298.25 is wholly beyond the jurisdiction of the court, and is therefore void. So much of said judgment, therefore, must be set aside, and held to be of no effect. The proceedings of the district court in the assessment of the fine are approved. Costs awarded to the plaintiff.

Sullivan and Huston, JJ., concur.