461 P.2d 433

**Anne E. TOLMAN, Plaintiff-Appellant,**

v.

**Emerson A. TOLMAN, Defendant-Respondent.**

**No. 10296.**

Supreme Court of Idaho.

Nov. 26, 1969.

H. N. Jewell, Twin Falls, for plaintiff-appellant.

Kramer, Plankey & Meehl, Twin Falls, for defendant-respondent.

McQUADE, Justice.

This divorce action has been before this Court before.[1] At that time we held that the district court had used the wrong test against which to measure an increase in value to the respondent's separate property home which was alleged to have resulted from contributions made by the community, and we remanded the case to the district court in order that a correct determination might be made. We also remanded the case so that several assets of small value might be found to be either separate or community property, and, if the latter, that it might be equitably divided. And, finally, our mandate to the district court required it to make a finding on whether the appellant was owed three or three hundred shares of stock in E. A. Tolman, Inc. On remand the district court made explicit findings and conclusions on each of these three items, and it awarded the appellant $200 for attorney fees incurred in the prosecution of her case on remand. The lower court refused the appellant's request for $500 attorney fees for the first appeal to this Court however. The appeal now before us was taken to challenge the district court's refusal to reopen questions of distribution of items of property other than those which were explicitly included in our mandate, to attack the lower court's valuation and distribution of the items which were included, and to question the rejection of the $500 attorney fees asked for the prior appeal. We, for the reasons set out below, affirm the trial court's decision on the first two questions, and we reverse on the last issue.

 It is a sound rule of practice, and one to which we have long subscribed, that a trial court will restrict its consideration in a remanded action to those questions specified in the mandate and will not re-examine issues already laid to rest by the appellate court affirmance on the preceding appeal.[2] The purpose of this precept is to cause litigation to come to an end within some finite period. In Idaho our courts are particularly bound to follow this rule by statute; I.C. § 1–205 provides,

> "*Disposition of appeals.*—The court may reverse, affirm or modify any order or judgment appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. Its judgment must be remitted to the court from which the appeal was taken. The decisions of the court shall be given in writing; and in giving a decision, if a new trial be granted, the court shall pass upon and determine all the questions of law involved in the case presented upon such appeal, and necessary to the final determination of the case. [C.C.P.1881, § 22; R.S., R.C., & C.L., § 3818; C.S., § 6446; I.C.A., § 1–205.]"

In our opinion on the first appeal we affirmed all questions raised in the first trial excepting the three issues which we remanded to the district court. That court was, therefore, correct in refusing to go beyond those three questions.

 Appellant also assigns as error the finding of the trial court that respondent realized no increased value as a user from any contributions by the community to his separate property home. And she objects to the finding that E. A. Tolman, Inc. owed her only three shares, and not three hundred shares of its stock. There was substantial controversy, with evidence presented by either side, on both of these issues in the district court. We cannot say, based on the cold record before us, that the weight of the evidence so clearly supported either party that he or she should have prevailed as a matter of law on

1. Tolman v. Tolman, 92 Idaho 108, 437 P. 2d 624 (1968).

2. Mountain Home Lumber Co. v. Swartwout, 33 Idaho 737, 197 P. 1027 (1921); *see also* Radermacher v. Radermacher, 59 Idaho 716 at 721, 87 P.2d 461, at 463 (1938).

**376**

either issue. In circumstances such as these we must, of course, allow the factual findings of the trial judge, who had the opportunity personally to see and hear the witnesses, to stand.[3]

■ The final question raised by the appellant concerns the failure of the trial court to award $500 to her in order that her attorney might be reimbursed for having prosecuted her first appeal in this action. The district court, the first time the action was before it, allowed $250 for that purpose. On remand the trial judge refused her motion to order that she receive $500 more for the same purpose, apparently on the assumption that such an award was barred because the issue of attorney fees was outside the mandate which it had received from this Court. As we have said herein, the trial court, on remand, as a general rule may not consider issues precluded by the explicit provisions of this Court's mandate. But a wife has a right to have her interests presented and protected and I.C. § 32–704 contemplates that the husband must, if possible, help to bear the expense of divorce litigation.[4] Unless, therefore, the order of remand barred the district court from considering the question of attorney fees, an allowance should have been made for such a purpose on appellant's motion.

■ I.C. § 32–704 provides that a wife may receive "as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action" while it is "pending." We hold that this divorce action, when it was in the district court on remand from this Court was still "pending" within the meaning of

I.C. § 32–704. Because the action was still "pending," the trial court had "jurisdiction" to consider the appellant's motion for attorney fees under I.C. § 32–704. This "jurisdiction," which was a function of the statute, was unaffected by the fact that the mandate of this Court did not mention attorney fees or suit money. The trial court did have the power, therefore, to grant the appellant's motion under I.C. § 32–704.

■ It is the normal rule that this Court will not set attorney fees unless it is necessary to complete our appellate jurisdiction and that motions under I.C. § 32–704 must be addressed to the sound discretion of the district court.[5] In this instance, however, we will depart from that rule only to the extent that we decide that the appellant should have $500 above that previously awarded to her as reasonable attorney fees for her first appeal in this action. We do this only in order that this too-lengthy litigation may come to a close.

Judgment on the issue of attorney fees is reversed and remanded in order that the district court enter a judgment for appellant against respondent in the sum of $500 as attorney fees for her first appeal. Otherwise, the judgment of the district court on all issues in this action is affirmed.

Because of our disposition of this appeal appellant's motion in this Court for attorney fees is hereby denied. The judgment as herein modified is affirmed.

No costs allowed.

McFADDEN, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

3. *E. g.*, Durfee v. Parker, 90 Idaho 118, 410 P.2d 962 (1965).

4. *E. g.*, Lepel v. Lepel, 93 Idaho 82, 456 P.2d 249 (1969); Riggers v. Riggers, 81 Idaho 570, 347 P.2d 762 (1959); Lovell v. Lovell, 80 Idaho 251, 328 P.2d 71 (1958).

5. *See generally* Adams v. Adams, 93 Idaho 113, 456 P.2d 757 (1969); Turner v. Turner, 90 Idaho 308, 410 P.2d 648 (1966); Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243 (1951); Ex Parte Cole, 68 Idaho 257, 193 P.2d 395 (1948).