541 P.2d 1177

**Louise S. PARKER, Plaintiff-Respondent,**

v.

**Fred PARKER, Defendant-Appellant.**

**Nos. 11796, 11858.**

Supreme Court of Idaho.

Oct. 31, 1975.

Lloyd J. Webb of Webb, Pike, Burton & Carlson, Twin Falls, for defendant-appellant.

Phillip M. Barber of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for plaintiff-respondent.

BAKES, Justice.

A prior opinion in this case was issued on May 16, 1974. *Parker v. Parker,* 95 Idaho 876, 522 P.2d 788. That opinion considered the appeal of the defendant appellant Fred Parker concerning the division of the community property contained in the judgment and decree of the trial court granting divorce to the plaintiff respondent Louise Parker. We affirmed the trial court in part and reversed it in part and remanded the cause to the trial court for further proceedings. On June 14, 1974, Fred Parker's petition for rehearing was denied.

Based upon that remand, Louise Parker moved the trial court on October 2, 1974, (1) for entry of final judgment, (2) that Fred Parker be found in contempt for failure to pay previously awarded attorney fees and alimony, and (3) for the costs of bringing the motion, including attorney fees. Her attorney filed an affidavit accompanying the motion in which he averred that Fred Parker had been ordered to pay $1,000 in attorney fees for the costs of defense of the appeal we decided in 1974 and that Fred Parker had been or-

dered to pay $250 per month as alimony, but that Fred Parker was in arrears in the amount of $500 in attorney fees and had not paid alimony for the months of August, September and October of 1974. The affidavit contained no allegation that Fred Parker was able to pay the amounts in question or that he had been given notice that he had been ordered by the court to do so. The district court granted the motion in part on October 17, 1974, and entered judgment upon remand decreeing the divorce and dividing the community property. On October 22, 1974, it ruled upon the remaining portions of the motion and found Fred Parker in contempt of court for failure to pay the $500 in attorney fees, ordered him to pay the $500 in attorney fees, ordered him to pay $750 in alimony (representing $250 for each of the months of August, September and October, 1974), and ordered him to pay $300 in attorney fees for the prosecution of the contempt and alimony proceedings which were the subject of the October 22, 1974, order. Fred Parker appealed from the October 22, order on December 3, 1974. The appeal from that order is Case No. 11796.

On December 9, 1974, Louise Parker moved the trial court for attorney fees pending appeal for the costs of defending Case No. 11796. On December 27, 1974, the district court granted her motion and

allowed another $1,000 as attorney fees. Fred Parker appealed from that order, and that appeal is Case No. 11858.

Three months later Louise Parker filed a "motion to dismiss, or, to augment the record." We issued an order holding her motion to dismiss the appeals in abeyance pending a hearing on the merits and granting her motion to augment the record. The record was augmented. Argument was heard on the merits of the appeals and upon the motion to dismiss. We deny the motion to dismiss and reach the merits of the appeals, affirming No. 11796 and reversing No. 11858.

*The Motion to Dismiss:*

■ Louise Parker argues that Fred Parker failed to comply with the requirements of I.C. § 13–213[1] and appellate rule 35[2] in that he did not furnish the court with copies of all of the papers used in the hearings below, nor did the records upon appeal contain certificates that they constituted all of the records, papers and files considered by the district judge in the hearings below. The records furnished by the appellant Fred Parker did not comply with the requirements of I.C. § 13–213 and appellate rule 35. However, I.C. § 13–217[3] and appellate rule 31[4] do not require us to dismiss these appeals and preclude us from reaching the merits for that reason. Both

---

1. "13–213. Appeal from judgment rendered on appeal—Appeal from order—Papers to be furnished.—On appeal . . . from an order . . . the appellant must furnish the court with a copy . . . of papers used on the hearing in the court below."

2. "RULE 35. Certificate as to Papers Used on Contested Motion.—The transcript or record on appeal shall show that there is attached to or made a part of it . . . a certificate substantially as follows, signed by the judge, clerk, or attorneys, to-wit:
   'It is hereby certified that the following papers, . . . all of which are of the records or files in tis case, were submitted to the judge and by him used on the hearing of the motion for a new trial (or any other such hearing), and constitute all the records, papers, and files used or considered by said judge on such hearing.' "

3. "13–217. Failure to furnish papers—Dismissal—Filing of undertaking in Supreme Court.—If the appellant fails to furnish the requisite papers the appeal may be dismissed; . . . ."

4. "RULE 31. Compliance Enforced.—A strict compliance with the requirements of the rules concerning preparation of transcripts will be exacted of the appellant in all cases by the Court . . . ; and for any violation or neglect in these respects which is found to obstruct the examination of the record, the appeal may be dismissed or the Court may order the offending party to pay the costs of such transcript, or any part thereof, unless the matter objected to is inserted by order of the Court or judge below."

the statute and the rule provide that this Court may, rather than shall, dismiss an appeal for failure to comply with the requirements concerning the transcript and record. Although we have the authority to dismiss the appeals for failure to comply with these technical requirements, *Scheel v. Rinard,* 91 Idaho 736, 430 P.2d 482 (1967), in this case we decline to do so. *E. g. Mollendorf v. Derry,* 95 Idaho 1, 501 P.2d 199 (1972).

*Appeal in Case No. 11796:*

■ The following is Fred Parker's first assignment of error:

> "The court erred in entering the Order of October 22nd, 1974, insofar as it finds the Appellant in contempt of court for failure to pay alimony, in that no alimony had been ordered for the periods of time complained of, and in that there was no appropriate accusation of contempt, no evidence of contempt and no appropriate finding of contempt." Appellant's Brief, p. 4.

The order of October 22, 1974, however, did not find Fred Parker in contempt for failure to pay alimony. The order of October 22, 1974, reads, in pertinent part, as follows:

> "Now, therefore, It is herewith OR-DERED, ADJUDGED AND DE-CREED:
>
> "1. That the Defendant, Fred Parker, is in contempt of this Court for failure to pay $500.00 in attorneys fees heretofore ordered. Defendant is ordered to immediately pay to the firm of Elam, Burke, Jeppesen, Evans & Boyd, the sum of $500.00 presently in default." (Clk.Tr., No. 11796, p. 9).

Although Fred Parker's first assignment of error refers to his being found in con-tempt for failure to pay alimony, his state-ment of the case in his brief and his argu-ment in his brief both refer to his having been found in contempt for failure to pay the attorney fees that he had been ordered to pay. Thus, we think it is clear that Fred Parker has appealed from the order of the court finding him in contempt for failure to pay attorney fees and construe his assignment of error to that effect.

■ "An order holding a person in con-tempt is not an appealable order under I.C. § 7–614." *Glenn Dale Ranches, Inc. v. Shaub,* 95 Idaho 853, 853, 522 P.2d 61, 61 (1974). The decisions of the Court for many years have held that a writ of re-view, rather than appeal, is the proper method of securing review of a contempt order.[5] However, this Court has been giv-en plenary power under Article 5, § 9, of the Idaho Constitution "to review, upon appeal, *any* decision of the district courts or the judges thereof, . . ." (Em-phasis added). Thus, although Fred Par-ker cannot appeal as a matter of right from that part of the order holding him in contempt, this Court nevertheless may in its discretion consider such an appeal from the district court. *State v. Lewis,* 96 Ida-ho 743, 536 P.2d 738 (1975); *see Jones v. Jones,* 91 Idaho 578, 428 P.2d 497 (1967) (Taylor, C. J., concurring specially). In the interests of the final disposition of the issues which this portracted divorce pro-ceeding has presented, we have decided to entertain this appeal from the contempt or-der.

■ The ruling holding Fred Parker in contempt is affirmed, even though the affi-davit accompanying the motion to hold him in contempt failed to allege that he had no-tice of the order requiring him to pay $1,000 in attorney fees and failed to allege

5. *Glenn Dale Ranches, Inc. v. Shaub, supra; Barnett v. Reed,* 93 Idaho 319, 460 P.2d 744 (1969); *Mathison v. Felton,* 90 Idaho 87, 408 P.2d 457 (1965); *Vollmer v. Vollmer,* 46 Idaho 97, 266 P. 677 (1928); *Levan v. Richards,* 4 Idaho 667, 43 P. 574 (1896). *See Jones v. Jones,* 91 Idaho 578, 428 P.2d 497 (1967) (note particularly, Taylor, C. J., concurring specially). *Cf. State v. Palmlund,* 95 Idaho 150, 504 P.2d 1199 (1972), footnote 1. In *Glenn Dale Ranches, Inc. v. Shaub, supra,* we dismissed an appeal from a con-tempt order on this ground.

that he had the ability to pay the $500 due. Although (1) knowledge of the order which the contemner has allegedly failed to obey is an essential element of contempt, and (2) a petition to hold a person in contempt should be dismissed when the affidavit accompanying it does not allege this element of contempt, "if a contemner does not raise the defense of failure to allege knowledge of the order by motion at the trial stage, and all of the essential elements of the contempt, including that knowledge, are proved by evidence at the trial, then the sufficiency of the initiating affidavit may not be raised for the first time on appeal." *State v. Palmlund,* 95 Idaho 150, 153–154, 504 P.2d 1199, 1202–1203 (1972).

The augmented record shows that the order to pay $1,000 in attorney fees was issued December 17, 1973, and that on March 14, 1974, at a hearing to show cause in re contempt for failure to comply with the December 17, 1973, order, Fred Parker stipulated to being in contempt of court for failure, among other things, to pay $500 of the $1,000 in attorney fees that he had been ordered to pay. Thus, the record shows that Fred Parker had knowledge of the order, and under the rule of *Palmlund,* the failure to allege his knowledge of the order in the affidavit accompanying the petition to find him in contempt "may not be raised for the first time on appeal." 95 Idaho at 154.

But Fred Parker further argues that a necessary element of contempt, the ability to comply with the order, was neither alleged in the affidavit nor shown at the hearing on the motion. However, "[t]he ability of one charged with contempt for disobedience of an order to comply therewith need not, under most authorities, be alleged in the initiatory affidavit or complaint, although there is authority to the contrary." 17 C.J.S. Contempt § 72(2), p. 187 (footnotes omitted). It is not uncommon in divorce actions that pending the final property settlement the husband has control of the community property and the wife is unaware of what assets the husband has available for payment of the attorney fees and alimony he has been ordered to pay. If the husband has failed to make the payments that were ordered, and the wife is honestly unaware of whether he has the ability to make the payments and cannot ascertain his ability to pay with reasonable diligence, she could not truthfully aver in her affidavit that she believes he has the ability to comply with the order. In such cases, to require the wife to so allege in her affidavit accompanying the motion in order to hold the husband in contempt for failure to comply with the orders of the court would present the wife with the dilemma of either (1) perjuring herself by averring that she knows the husband has the ability to comply with the order and he has failed to do so, or (2) foregoing the remedy of contempt to force compliance with the order. She should not be presented with this choice. As the court said in *Sorell v. Superior Court,* 248 Cal. App.2d 157, 56 Cal.Rptr. 222 (1967), a case in which this issue was presented:

> "In [In re McCarty, 154 Cal. 534, 98 P. 540 (Cal.1908)], the court stated that it is not necessary for the wife to allege her spouse's ability to comply with the original order granting alimony. 'The court had originally found that he had such ability, and the only jurisdictional facts required to be stated in the affidavit were the making of the order and disobedience to it by refusal to pay.' (154 Cal. 534, 537–538, 98 P. 540, 542.) The contemner has an opportunity at the contempt hearing to offer any legitimate excuse for noncompliance with the order, such as financial inability to comply. 'He is in the best position to show why for any reason he has not obeyed the order, and it is his duty to do so as a matter of defense.' (Id at p. 537, 98 P. at p. 542.)" 56 Cal.Rptr. at 224–225.

Thus, rather than placing the burden of alleging and proving ability to pay upon the party seeking to hold the contemner in contempt, we hold, at least in domestic re-

lations cases involving alimony or attorney fees, that the inability to comply with the order must be raised by the contemner at the hearing in the analogous manner as an affirmative defense. *Cf. People v. Cressey*, 2 Cal.3d 836, 87 Cal.Rptr. 699, 471 P. 2d 19 (1970), which reaches the analogous conclusion in a criminal prosecution for non-support of one's children. Furthermore, it was not necessary to show that on October 22, 1974, Fred Parker had an ability to comply with the order entered on December 17, 1973, in order to find him in contempt of that order. As the Court said in *Sorell*.

> "Petitioner's contention seems to be that even though he had previously had the ability to comply with the lower court's order, and did not, there must nevertheless be an affirmative showing by [the person moving to hold him in contempt] that petitioner now has such a present ability. We do not believe this to be the law.
>
> .   .   .   .   .   .
>
> "[T]he issue here is not as petitioner contends, whether he has the present ability [at the time of the hearing] to pay the amounts ordered paid [at the time of the order to pay] at which time the court found an ability to pay. Instead the question is: Did petitioner, having the ability to pay [at the time of the order] wilfully fail to comply with the court's order?   .   .   .   Further proof of a present ability to pay would seem to be unnecessary." 56 Cal.Rptr. at 225–226 (footnote omitted).

In March of 1974 Fred Parker stipulated to being in contempt of the order to pay attorney fees. This stipulation can only be interpreted as meaning that Fred Parker once had an ability to pay the attorney fees and wilfully failed to do so. Accordingly, the order holding Fred Parker in

contempt is affirmed. *Sorell v. Superior Court, supra.*

In his second and third assignments of error, Fred Parker argues that there are two reasons why it was incorrect for the court to order him to pay alimony for the months of August, September and October. First, he argues that he had not been ordered to pay alimony for those months, and secondly, that because final judgment has already been entered, the court could make no further provisions for alimony. We shall consider the latter argument first.

■ On October 2, 1974, Louise Parker moved, among other things, for entry of final judgment and for an award for unpaid alimony. The court disposed of the part of the motion seeking entry of final judgment before it disposed of the part seeking an award for alimony. Louise Parker's right to alimony for the period in question cannot be dependent upon the order in which the trial court disposed of the various parts of her motion. Thus, it was not necessarily incorrect to award her alimony after the entry of final judgment. While I.C. § 32–704 [6] may not authorize the trial court to award alimony *pendente lite* if the wife has requested it after entry of final judgment, that statute should not be construed to prevent an award of alimony *pendente lite* after final judgment if it was requested before final judgment. Because Louise Parker had no control over whether the trial court would dispose of her request for alimony before or after it entered final judgment, the time for the request for alimony rather than the time the request was granted determines whether the trial court was authorized to award alimony under I.C. § 32–704 after final judgment had been entered.

■ The next question presented is: did the trial court have authority under I.C.

---

6. "32–704. Allowance of support and suit money.—While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money

necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

§ 32–704 to award alimony for the months following the remand of this case to the trial court and before the trial court's entry of final judgment? We answer this question affirmatively. In *Tolman v. Tolman*, 93 Idaho 374, 461 P.2d 433 (1969), this Court said:

> "I.C. § 32–704 provides that a wife may receive 'as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action' while it is 'pending.' *We hold that this divorce action, when it was in the district court on remand from this Court was still 'pending' within the meaning of I.C. § 32–704. Because the action was still 'pending,' the trial court had 'jurisdiction' to consider the appellant's motion for attorney fees under I.C. § 32–704.* This 'jurisdiction,' which was a function of the statute, was unaffected by the fact that the mandate of this Court did not mention attorney fees or suit money. The trial court did have the power, therefore, to grant the appellant's motion under I.C. § 32–704." 93 Idaho at 376, 461 P.2d at 435. (Emphasis added).

*Tolman* holds that the divorce action is "pending" while it is upon remand from this Court. Thus, since the action was "pending" within the meaning of I.C. § 32–704 while it was upon remand, that statute authorized the district court to award Louise Parker any money necessary for her support for the time preceding the entry of final judgment. Therefore, we uphold the award of alimony for the months of August, September and October, 1974. Further, because I.C. § 32–704 also authorizes the court to award money to prosecute or defend the action, the trial court's award of $300 to Louise Parker for prosecution of the October 2, 1974, motion was not in error. *Tolman v. Tolman, supra; see Turner v. Turner*, 90 Idaho 308, 410 P.2d 648 (1966). No. 11796 is affirmed.

*Appeal in Case No. 11858:*

The sole issue presented in No. 11858 is whether the trial court erred in allowing Louise Parker $1,000 in attorney fees for the defense upon appeal of No. 11796. Even though the natural extension of our holdings in *Tolman* and in No. 11796 is that the divorce action is still pending within the meaning of I.C. § 32–704 for the purposes of determining whether that statute authorizes attorney fees to defend No. 11796, that does not necessarily mean that Louise Parker was entitled to attorney fees for the costs of the defense upon appeal of No. 11796.

The trial court abused its discretion in making that award, and the award is set aside. We upheld the attorney fees award to prosecute No. 11796 in the trial court because it was made to provide Louise Parker with money to reimburse her for expenses and attorney fees incurred before the entry of judgment decreeing her rights in the community property and affording her some control over her share of the community property, i. e., to reimburse her for legal expenses incurred during a time in which she had only limited access to the community's resources. However, after the entry of judgment, Louise Parker had access to and control of her share of the community property, which the trial court had evaluated as worth nearly $100,000 and thus the award cannot be characterized as an award of "money *necessary* to enable the wife . . . to prosecute or defend the action." I.C. § 32–704 (emphasis added). No attorney fees on appeal will be allowed. No. 11858 is reversed.

All costs, including the costs of augmenting the record, less those attributable solely to No. 11858, to respondent. Costs in No. 11858 to appellant.

McQUADE, C. J., and McFADDEN and DONALDSON, JJ., concur.

SHEPARD, J., concurs in result.