350

563 P.2d 995

Wandalyn CAMPBELL,
Plaintiff-Respondent,

v.

Mitchell R. CAMPBELL,
Defendant-Appellant,

and

DeEtta Campbell, Intervenor-Appellant.

Wandalyn CAMPBELL,
Plaintiff-Appellant,

v.

Mitchell R. CAMPBELL,
Defendant-Respondent,

and

DeEtta Campbell, Plaintiff in
Intervention.

Nos. 12163, 12205.

Supreme Court of Idaho.

May 4, 1977.

Susan Porter-McClard, of Webb, Burton, Carlson & Pedersen, Twin Falls, for appellants.

Paul M. Beeks, of Smith & Beeks, Twin Falls, for appellee.

McFADDEN, Chief Justice.

*Campbell v. Campbell,* Case No. 12163, and *Campbell v. Campbell,* Case No. 12205 were consolidated for purposes of appeal. Defendant Mitchell Campbell is the appellant in Case No. 12163, and plaintiff Wandalyn Campbell is the appellant in Case No. 12205. DeEtta Campbell is an intervenor and co-appellant in Case No. 12163.

Plaintiff brought an action against defendant for divorce and community property distribution. Trial was held to the Fifth Judicial District Court. A decree of divorce was entered, and the Court subsequently issued a Memorandum of Decision and an order dividing property.

Property distributed in the final order included six parcels of realty, various items of personal property, and numerous community debts. In dealing with the real property, the court noted in its Memorandum of Decision that one parcel, the residence occupied by the plaintiff, had an equity value equal to about one-half the total equity of all the properties. Thus, the plaintiff was awarded that residence, and the defendant received the remaining five parcels. As to personal property, the plaintiff received an automobile, household furnishings, and other miscellaneous items such as clothing, jewelry, linen and dishes. The defendant was awarded an automobile, a boat, motor and trailer, a motorcycle, some furniture, and all personal clothing, jewelry, and other miscellaneous items. Additionally, the order required defendant to assume all community obligations except encumbrances on the residence awarded to the plaintiff, and including $700 in plaintiff's attorney's fees and $200 in appraiser's fees. Findings of fact and conclusions of law were waived by the parties.

Defendant's mother DeEtta Campbell, entered the suit as an intervenor. She claimed that she had advanced the funds used in purchasing the various properties, and that she therefore was entitled to an interest in those properties. The court did not explicitly rule on her claim; however, the various amounts she claimed to have paid were included in the debts ordered to be paid by the defendant.

Case No. 12163 is defendant's appeal from the property division. He claims the primary issue in that case is whether the court erred in assigning all the community debts to defendant. He maintains that community debts should first be deducted from community assets, with the remainder to be divided between the parties. Defendant also alleges as error the requirement that he pay attorney's fees, and the failure to declare the mother's rights in the properties.

After the initiation of the appeal in Case No. 12163, plaintiff moved for attorney's fees on appeal. The trial court denied that motion without comment. A second order was later entered denying the motion again, but specifying that the denial was without prejudice to further application if plaintiff could show that the real property in her possession could not be encumbered to secure funds to pay the attorney's fees. Case No. 12205 is plaintiff's appeal from that order. Plaintiff argues that title to the property is frozen pending the first appeal, and that she is therefore unable to secure funds to finance that appeal.

## I. COMMUNITY DEBTS

■ Defendant objects to the property distribution. He argues that if, as the trial court stated, the value of the residence at

338 Blue Lakes Boulevard is one half the property equity, then it is not equitable to split the value of the property evenly while at the same time requiring him to assume all twenty thousand dollars worth of debt. Defendant urges that this court adopt the rule that community debts must be subtracted from community assets prior to division and that the remainder then be divided between the parties. See, *Farmer's Exchange Nat'l Bank v. Drew,* 48 Cal.App. 442, 192 P. 105, 108 (1920); *McKannay v. McKannay,* 68 Cal.App. 701, 230 P. 214, 217 (1924); *Rethers v. Rethers,* 140 Cal.App.2d 28, 294 P.2d 968, 971 (1956). This procedure, defendant argues, would equitably distribute the community by dividing the impact of the debts while also dividing the value of the remaining assets.

The court notes that findings of facts and conclusions of law were waived by the parties; there is therefore no way that this court can determine whether the trial court abused its discretion (*McNett v. McNett,* 95 Idaho 59, 501 P.2d 1059 (1972)) except to evaluate the record as a whole to decide whether there is sufficient evidence to support the judgment. *Farrell v. Turner,* 25 Utah 2d 351, 482 P.2d 117 (1971); *Roberts v. Adams,* 164 Cal.App.2d 312, 330 P.2d 900 (1958). We conclude that there is adequate, although conflicting, evidence to support the judgment of the trial court.

## II. ATTORNEY AND APPRAISER'S FEES IN CASE NO. 12163

Defendant argues that the trial court improperly assessed attorney fees, pendente lite, and appraiser's fees against him in the amount of $900. This amount was initially charged as lien against the community interest of both parties, and against the husband's separate property interests in all the properties, prior to the property division. In the final order, this result was altered and the defendant was charged with liability for the $900. Defendant argues that a wife is not entitled to attorney's fees where she receives a substantial portion of the community, and he cites *Parker v. Parker,* 97 Idaho 209, 541 P.2d 1177 (1975), in support of this proposition.

In *Parker* the court held it improper to award attorney's fees after a granting of divorce and division of property, in subsequent proceedings instituted to enforce prior orders. Here, the lien against the community and the husband's property was entered prior to property division, and was only enforced in the final order requiring him to pay the debts. In *Parker* the court also noted that the award prior to division is proper, even if one party eventually receives substantial property when the assets are divided.

Allowance of attorney's fees is a matter vested in the sound discretion of the trial court, and that court's decision will not be disturbed on appeal absent an abuse of discretion. See, e. g. *Wilson v. Wilson,* 81 Idaho 375, 341 P.2d 894 (1959). We cannot say that the allowance in the instant case was an abuse of discretion.

## III. INTERVENOR'S CLAIM

Defendant next contends that the court erred in not explicitly declaring the rights, if any, of the mother, DeEtta Campbell, in the various properties. While it was stipulated and the record reflects that she did contribute some amounts to the purchase of the various properties, there was absolutely no evidence that the monies paid were anything but unsecured loans primarily made to assist her son. In ordering defendant to assume the community debts, the court included in those items to be paid the amounts advanced by DeEtta Campbell. Thus, it cannot be said that the trial court totally failed to treat intervenor's interests. Absent any evidence of anything other than unsecured loans, this disposition cannot as a matter of law be said to be improper.

## IV. ATTORNEY'S FEES IN CASE NO. 12205

In Case No. 12205, plaintiff appeals an order of the court denying allowance of attorney's fees on appeal. Plaintiff argued that she was unable to secure funds to defend against defendant in the first appeal because her only property, the home at 338

Blue Lakes, is a subject of the appeal and therefore is "encumbered." Plaintiff asserts that the trial court improperly applied I.C. § 13–207, which requires posting of a supersedeas bond to stay execution of a judgment for sale or delivery of real property. She argues that no sale or delivery is involved, and that the applicable statute is I.C. § 13–211, staying proceedings pending appeal. Thus, title to the 338 Blue Lakes home is not clearly passed to her until the appeal is final. She asserts that the trial court erroneously concluded that the property division judgment was not stayed, thus allowing her clear title on which to secure a loan to finance the appeal.

The trial court denied plaintiff's motion for attorney's fees without comment in the March 4, 1976 order. There is no indication in the record that the status of the 338 Blue Lakes property was in any way relevant to that decision. The March 8, 1976 order again denies the motion, but comments that the denial is without prejudice to further application upon a showing that plaintiff was unable to secure a loan on that property. There is no indication in the record that plaintiff ever subsequently attempted such a showing. Given the state of the record, we cannot say that the trial court abused its discretion in refusing to allow attorney's fees on appeal. Plaintiff has been fully represented in both appeals. With the resolution of case No. 12163, plaintiff will be able to liquidate her assets and satisfy any debts resulting from the action.

Case No. 12163 is affirmed with costs to the plaintiff-respondent. Case No. 12205 is affirmed, with costs to the defendant-respondent.

DONALDSON, SHEPARD, BAKES and BISTLINE, JJ., concur.