McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.

625 P.2d 1107

Donald B. NESBITT, and Betty L. Nesbitt, husband and wife, Plaintiffs-Appellants,

v.

Albert WOLFKIEL and Ruth Wolfkiel, husband and wife, Defendants-Respondents.

No. 13671.

Supreme Court of Idaho.

March 24, 1981.

Roger L. Williams, of Schiller, Williams & Schiller, Nampa, for plaintiffs-appellants.

Leon R. Weeks, Nampa, for defendants-respondents.

PER CURIAM.

This appeal is a sequel to *Nesbitt v. Wolf-kiel*, 100 Idaho 396, 598 P.2d 1046 (1979). There Donald and Betty Nesbitt, sought damages from Albert and Ruth Wolfkiel for alleged willful trespass upon land purportedly belonging to the Nesbitts. The Wolfkiels denied any trespass, and asserted that they were the owners of the land in question. The trial court held that the Wolfkiels acquired title to the disputed property by accretion as well as adverse possession. On appeal, this court affirmed the decision of the trial court upon the theory of adverse possession *only*, holding:

"We affirm the trial court's order quieting title and ownership of the land immediately south of the southern bank of the Boise River which lies between or within lot 2 and lot 7 of section 16, Township 4 North, Range 1 West, Boise Meridian, Ada County, Idaho." 100 Idaho at 400, 598 P.2d at 1050.

Pursuant to the decision, a remittitur affirming the trial court's judgment issued. The judgment of the trial court before remittitur provided:

"1. The title and ownership of the land immediately south of the southerly bank of the Boise River which lies between or within Lot 2 and Lot 7 of Section 16, Township 4 North, Range 1 West, Boise Meridian, Ada County, Idaho, is hereby quieted in the defendants.

2. That the party who prevails after all appeals, if any, shall have said property surveyed at their expense and provide an exact legal description to the court and that this Judgment may be amended at that time to reflect the proper legal description."

Following remittitur, the Wolfkiels moved the district court to amend the prior judgment to reflect what they claimed to be the proper legal description to the property quieted in their favor. At the hearing on their motion to amend judgment, on Wolfkiels' offer, the court admitted into evidence a survey of all land lying immediately south of the southerly bank of the Boise River which lies between or within the lots in question. The trial court entered an order ruling that it lacked jurisdiction to accept further evidence concerning the question of adverse possession, but that it would consider evidence concerning the accuracy of the survey submitted into evidence. The order further provided that an amended judgment based upon the survey would be ordered unless the Nesbitts contested the accuracy of the survey within ten days. The record discloses that the Nesbitts did not offer any contest. More than ten days later the trial court entered an amended judgment quieting title to the land described in the survey in favor of the Wolfkiels.

On appeal, the Nesbitts' central contention is that the trial court erred in its determination that it lacked jurisdiction to consider additional evidence concerning the question of adverse possession. We disagree. *See generally*, 5 Am.Jur.2d, Appeal and Error, § 934 (1963); 5B C.J.S., Appeal and Error, § 1857 (1958).

Consistently following a long line of cases, we reaffirmed in *Tolman v. Tolman*, 93 Idaho 374, 375, 461 P.2d 433, 434 (1969), that

> "It is a sound rule of practice, and one to which we have long subscribed, that a trial court will restrict its consideration in a remanded action to those questions specified in the mandate and will not re-examine issues already laid to rest by the appellate court affirmance on the preceding appeal. The purpose of this precept is to cause litigation to come to an end within some finite period."

Amended judgment affirmed. Costs to respondents. Request for attorney fees on appeal denied.