498 P.2d 1286

Dahlia M. GLAVIN, Plaintiff-Appellant,

v.

Donald GLAVIN, Defendant-Respondent.

No. 10964.

Supreme Court of Idaho.

July 7, 1972.

McQUADE, Chief Justice.

The parties to this action were married on September 22, 1946, at Twin Falls, Idaho. From that time until approximately September 15, 1970, they lived on the husband's farm in Twin Falls County as husband and wife, at which time the husband moved from the farm home. They had three children at the time of trial—a daughter fourteen years old; a son, seventeen years old; and another daughter who was married and emancipated.

On October 13, 1970, a complaint was filed by the wife, Dahlia M. Glavin seeking a divorce from her husband on the grounds that he had treated her in a cruel

manner as defined by I.C. § 32–605.[1] The complaint also sought custody and support for the two minor children, a determination and division of the community property, alimony, and attorney fees. The husband answered those allegations with a general denial and counterclaim for divorce on the grounds of extreme cruelty.

The district court heard the case on April 8, 1971. In May, 1971, the wife was granted a divorce from the defendant as well as awarded custody of the two minor children, and $150 per month per child for support.

The problem of the amount of and division of the community property was more complex. A considerable amount of testimony was produced by appraisers and accountants for both parties. The testimony on behalf of the wife generally tended to establish a higher valuation of community assets than did evidence of the husband.

There were two community property items that the court maintained in its memorandum opinion it could not consider since to do so would amount to speculation and conjecture on the evidence that was produced regarding these items. These items are 1) The crop inventory on hand at the time of trial, April 8, 1971, and 2) Cash on hand at the time of trial. However, there was evidence regarding the amount of these items as of January 1, 1971, and December 31, 1970, respectively. But the evidence did not show what happened to the cash proceeds of the crop inventory after it was sold. Regarding cash on hand as of April 8, 1971, the trial court concluded that from the evidence produced, the best he could do was "suspect" that there was cash on hand at the time of trial, but that it would be improper to base such a finding only on suspicions. However, the trial court said regarding cash on hand December 31, 1970: "There is evidence indicating that all or part of the

cash on hand December 17, 1970, was used to pay off notes at the Bank & Trust."

After considering all the evidence concerning community assets, the court lastly considered the evidence regarding community indebtedness. The only evidence of indebtedness was found in the testimony of the defendant who testified that the community owed the following on open notes: $9,600.00 to the Idaho First National Bank; $5,000.00 to defendant's mother; and $35,000.00 to the Twin Falls Bank and Trust, or a total community indebtedness of $49,600.00.

In computing the net community assets the trial court arrived at these valuations:

| | |
|---|---:|
| Gross value of community property ........................ | $129,000 |
| Less community indebtedness .. | 49,600 |
| Net community estate .......... | $ 79,400 |

In dividing the net community estate, the trial court first awarded the wife recreational equipment and furniture valued at $9,400. The court ordered the husband to pay $50,000 to the wife payable $10,000 in cash within ten days, and the balance of $40,000 at the rate of $600 per month, to include interest, until such time (approximately seven years) as the principal and interest has been paid. Interest on the unpaid principal was set at 7% per annum. Therefore, the wife's share amounted to $59,600 of the $79,400 community estate, (a 75%–25% division).

The district court relied on Phillips v. Phillips [2] in denying alimony and cited language from *Phillips* regarding that subject to the effect that alimony should only be awarded where the wife is unable (versus unwilling) to support herself and there is a possibility of her becoming a public burden by being placed on public assistance.

The district court denied the wife's request that the husband be directed to pay

---

1. *"Extreme cruelty.*—Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage."

2. 93 Idaho 384, 388, 462 P.2d 49 (1969).

her attorney fees. It concluded that there were ample funds available to the wife for this purpose from her share of community property.

The district court then directed counsel for the defendant to prepare the findings of fact, conclusions of law and decree in accordance with its memorandum decision. This was done and on May 24, 1971, the trial court adopted those findings and conclusions and entered a decree accordingly.

On June 2, 1971, the wife filed a motion to amend the findings of fact and conclusions of law. Basically, the motion proposed that the net community estate should have been found to be $130,471 rather than $79,400 as determined by the trial court. The motion also proposed that the court find the forty-four year old wife in poor health and under doctor's care. For the first time, an affidavit of the wife's doctor was submitted in support of this proposal. The only evidence on this subject at trial was the brief testimony of the wife herself.

The district court rejected both of these proposals. The wife has appealed to this court from parts of the decree and findings of the district court.

The wife's first assignment of error is that:

"[T]he district court erred in not considering the January 1, 1970 balances of cash, crop inventory (amount received or sale thereof), and accounts receivable less bank loans and personal loans."

This first assignment of error is argued in the wife's brief together with the second assignment of error that:

"The court erred in not using Sept. 30, 1970, the approximate date of separation of the parties, as the date for determining the net community estate."

 The wife maintains that it was unfair for the district court to use the date

of trial, April 8, 1971, to determine the value of the community assets instead of September 30, 1970. The wife also contends that the district court ignored "the balances of cash, crop inventory and· accounts receivable as of January 1, 1970."

However, the district court considered all the evidence regarding the valuation of the community assets. Extensive evidence was put on by both sides, some of it being closer in time to April 8, 1971, than others, and some being completely unclear regarding valuation in relation to time. The wife did not argue or direct the presentation of evidence at trial towards September 30, 1970, as the date for determining the net community estate. Nor does the record support such a position on appeal. In the absence of an affirmative showing on the record, this Court will not presume error.[3] In cases of this kind it has been a long standing rule that the disposition of community property is committed to the discretion of the trial court in the first instance.[4] A review of the record does not disclose an abuse of that discretion by the district court.

 Regarding the wife's second contention pertaining to the determination of the net community estate, the district court did not "ignore" the balances of cash and crop inventory. He stated in his .memorandum opinion that, on the evidence produced, he could not speculate as to their ultimate disposition and consider those items in arriving at a valuation ˙of the community estate. An examination of the record supports the district judge in that the parties simply did not introduce evidence upon which the district court could do more than speculate.

The wife's final assignment of error is that:

"The court erred in not determining the amount of money or other assets available to the husband to apply towards ali-

3. *See* Hiatt v. Hiatt, 94 Idaho 367, 487 P.2d 1121, 1122 (1971).

4. Nielsen v. Nielsen, 87 Idaho 578, 584, 394 P.2d 625 (1964) ; Davis v. Davis, 82 Idaho 351, 353 P.2d 1079 (1960) ; Smiley v. Smiley, 46 Idaho 588, 269 P. 589 (1928).

mony; in not determining the actual needs of the wife in relationship to the funds or other assets available to the husband; in not finding that the wife is in poor health; and in concluding that the wife should not be awarded alimony."

The question that must first be answered is whether the district court erred in not awarding alimony, since the other arguments depend on this determination. The district court relied on the recent case of Phillips v. Phillips,[5] in denying alimony and cited language from *Phillips* regarding that subject to the effect that alimony should only be awarded where the wife is unable (versus unwilling) to support herself and there is a possibility of her becoming a public burden by being placed on public assistance.

Since the wife had been awarded $59,600 of the community estate, the district court apparently reasoned that there was at least no immediate danger of her needing public assistance or being unable to support herself. The awarding of alimony where a divorce is granted for the fault of the husband is, in the first instance, in the discretion of the district court.[6] That discretion will not be interfered with on appeal in the absence of a manifest abuse thereof.[7] Considering all the circumstances of this case, that discretion was not abused.[8]

Since the district court acted within its discretionary limits in denying alimony, it was unnecessary to make a determination of money or other assets to apply towards alimony. Likewise, there was no need for the district court to make a determination of the actual needs of the wife in relation to these assets.

There was no evidence at trial except for some limited testimony of the wife herself, regarding her state of health. An affidavit to this effect was submitted by the wife's doctor approximately a week after judgment had been entered, in support of a motion to amend the findings of fact and conclusions of law. Nevertheless, in light of this Court's recent decision in *Phillips*[9] and the award of $59,600 to the wife as her share of the community estate, there was no immediate danger of the wife being unable to support herself. From the evidence presented on this issue and the other circumstances of the case, we cannot say the district court abused its discretion in denying alimony.

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON, SHEPARD and BAKES, JJ., concur.

---

5. *Supra*, note 2.

6. I.C. § 32–706; Jackson v. Jackson, 87 Idaho 330, 334, 393 P.2d 28 (1964).

7. Losee v. Losee, 91 Idaho 77, 79, 415 P. 2d 720 (1966).

8. *See:* Phillips v. Phillips, *supra*, note 2.

9. *Supra*, note 2.