580 P.2d 853

Dawn Louise LESTER,
Plaintiff-Appellant,

v.

Theodore W. LESTER,
Defendant-Respondent.

No. 12082.

Supreme Court of Idaho.

June 26, 1978.

William H. Foster, Grangeville, for plaintiff-appellant.

Eli Rapaich of Rapaich & Knutson, Lewiston, for defendant-respondent.

McFADDEN, Justice.

In 1972, plaintiff-appellant Dawn Louise Lester instituted a divorce action against her then husband, defendant-respondent Theodore W. Lester. The parties orally stipulated to a division of their community property, the custody and support of their three minor children, and the attorney fees to be paid. After the stipulation was entered, respondent Theodore W. Lester withdrew his answer and counterclaim to his wife's complaint, and consented to entry of a default judgment against him.

The trial court heard the action as a default, and on March 24, 1972, entered findings of fact, conclusions of law, and decree. Under the terms of the decree, which was in accord with the stipulation, the amount of the monthly child support payments was to be determined by respondent husband's "income" during the previous years, with a certain minimum amount to be paid monthly.[1] The decree further required that each October respondent would adjust the amount of the payments in accordance with any changes in his income for the previous period.

In August, 1974, appellant, who had remarried in the interim, by a motion supported by her affidavit, sought an order to show cause seeking to hold respondent in contempt of court for failing to make the child support payments in accordance with the provisions of the 1972 divorce decree. She asserted that respondent's income required him to pay about three times the child support he had been paying and that he had refused to adjust the payments to reflect his increase in income. In response, respondent denied his former wife's assertion of increased income. Respondent also petitioned the court for modification of the decree's support provisions so as to reduce

1. The decree provided:
. . . defendant should pay to the plaintiff, on or before the 10th day of each month, beginning February 10, 1972, the sum of $70.00 a month, per child, provided, that in the event his income is increased or decreased from one year to the next, defendant shall pay to plaintiff for the support of his children the following sums, to-wit:

(a) up to $6,000.00 income, $50.00 per child, per month
(b) up to $7,000.00 income, $65.00 per child, per month

(n) up to $25,000.00 income, $250.00 per child, per month

the child support payments. The trial court held two hearings on the issues thus presented and entered a single memorandum opinion which constituted the findings of fact and its order.

The trial court first found that respondent was not in contempt of court. It noted that respondent's contentions concerning the meaning of the March, 1972, decree as to the requirements for support payments for their minor children were advanced in good faith and were sufficiently meritorious to justify a judicial "clarification" of the meaning of the decree and of respondent's responsibilities. Secondly, the court found that "the parties intended the word 'income' to mean 'taxable income' . . . [i. e.] the remainder of a person's adjusted gross income after subtracting the individual's itemized deductions and the exemption allowance which are allowable by the Internal Revenue Code." Thirdly, the court used this definition to compute the amount of child support accruing since the entry of the divorce decree and found respondent to be $3,876 in arrears. Fourthly, the court denied respondent's motion to modify the decree to reduce the amount of child support payments. Finally, the court denied appellant her request for attorney fees, stating that "there is no showing that plaintiff lacks funds from which she can pay her attorney fees . . . ." The court entered its order wherein it reiterated its conclusion that respondent was not entitled to any modification of the decree; that he was in arrears $1,600 for 1973 and $2,268 for 1974, which should be paid with 6% interest on or before October 1, 1975, and ordered compliance with its conclusions. From this order appellant appealed. Respondent, however, did not appeal from the denial of his petition for modification.

Appellant, by her appeal, raises three primary issues for consideration. The first issue is whether the trial court erred in refusing to hold respondent in contempt of court when it found that he was in arrears in the amount of $3,876 for the years 1973 and 1974. The second issue is whether the trial court erred in its determination that the term "income" as it was used in the decree, establishing the basis for the child support payments for the children, means "taxable income," that is, "the remainder of a person's adjusted gross income after subtracting the individual's itemized deductions and exemption allowance which are allowable by the Internal Revenue Code." The third issue is whether the trial court erred in denying appellant's request for attorney fees in these proceedings.

■ Respondent opposes this court's consideration of any of the issues raised by appellant, arguing that this is a contempt proceeding and that judgments and orders of a court in contempt cases are "final and conclusive." Although I.C. § 7–614 provides that "The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive," under this court's constitutional prerogative "to review, upon appeal, any decision of the district courts," Idaho Const. art. 5, § 9, this court has discretion to hear an appeal in a contempt case. *Parker v. Parker*, 97 Idaho 209, 541 P.2d 1177 (1975); *Jones v. Jones*, 91 Idaho 578, 428 P.2d 497 (1967) (Taylor, C. J., concurring specially). This court finds it inappropriate to review the district court's refusal to find contempt in this case and it therefore declines to exercise this discretion.

■ The second issue presented by appellant addresses the trial court's finding that the term, "income," as used in the divorce decree is ambiguous and that the parties intended it to mean "taxable income" as the term is defined by § 63 of the Internal Revenue Code.[2] Appellant contends that

---

**2.** 26 U.S.C. § 63 defines "taxable income" as: (a) General rule.—Except as provided in subsection (b), for purposes of this subtitle the term "taxable income" means gross income, minus the deductions allowed by this chapter,

other than the standard deduction allowed by part IV (sec. 141 and following).
(b) Individuals electing standard deduction.— In the case of an individual electing under section 144 to use the standard deduction provided

the decree is not ambiguous and that "income" plainly means "gross income," which appellant asserts is the proper measure of respondent's ability to pay child support.

■ When a court hearing an action to enforce a judgment finds the judgment ambiguous, it may refer to the circumstances surrounding the making of the judgment in attempting to interpret it. *Evans v. City of American Falls*, 52 Idaho 7, 11 P.2d 363 (1932). It may also refer to the pleadings and other parts of the record in the earlier case. *Evans v. City of American Falls, supra.*

In the instant case it was evident to the trial court that the term "income" as used in the context of respondent's farming operations was ambiguous. The trial court therefore considered evidence on what the parties intended by "income." It received into evidence an exchange of letters between counsel in which the parties negotiated the oral stipulation whose terms were later incorporated into the divorce decree. On the basis of this evidence the trial court found that "income" meant "taxable income."

■ Findings of fact entered below will not be set aside on appeal unless they are clearly erroneous, I.R.C.P. 52(a), or not supported by substantial and competent evidence. *Wisdom v. Henderson*, 98 Idaho 45, 557 P.2d 1118 (1976); *Perry Plumbing Co. v. Schuler*, 96 Idaho 494, 531 P.2d 584 (1975). While the evidence in this case is contradictory, the record contains a letter by appellant's counsel given during negotiations for and prior to entry of the oral stipulation in the record. In the letter of appellant's counsel setting forth the schedule which was to establish the support payments for the children, it is stated:

> Up to $6,000 taxable income, $50.00 @ child a month, but not less than $150.00 @ month.
> $6,000 income $50.00 @ child, but not less than $150 a month.

$7,000 income $65.00 @ child, but not less than $500 a month.

.   .   ..

It is the conclusion of the court that there was substantial, although conflicting evidence, to sustain the trial court's finding that the divorce decree was ambiguous and that the parties intended the word 'income' to mean 'taxable income,' as the word is defined and used for purposes of defendant's federal income tax return. The term 'taxable income' is the remainder of a person's adjusted gross income after subtracting the individual's itemized deductions and the exemption allowance which are allowable by the Internal Revenue Code.

Appellant finally contends that the trial court abused its discretion in denying her attorney fees, particularly those fees generated defending respondent's petition for modification.

■ Idaho Code § 32–704 provides that "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife  .   .   . to prosecute or defend the action." When a petition for modification of child support payments or an action to enforce support provisions is filed, the divorce action is still "pending" for purposes of this statute, even though a decree of divorce has been entered. *Heidemann v. Heidemann*, 96 Idaho 602, 533 P.2d 96 (1974) (upholding denial of attorney fees to former wife on her motion to collect back child support and to modify child support provisions in divorce decree); *Adams v. Adams*, 93 Idaho 113, 456 P.2d 757 (1969) (upholding an order requiring husband to pay attorney fees incurred by former wife in defending against his motion to modify child custody decree); *Embree v. Embree*, 85 Idaho 443, 380 P.2d 216 (1963) (district court abused its discretion in refusing to grant former wife attorney fees incurred by her in unsuccessful defense of his petition for modification of divorce de-

in part IV (sec. 141 and following), for purposes of this subtitle the term "taxable income" means adjusted gross income, minus—

(1) such standard deduction, and
(2) the deductions for personal exemptions provided in section 151.

cree's child support provisions); *Daniels v. Daniels*, 81 Idaho 12, 336 P.2d 112 (1959) (upholding award of attorney fees to former wife for her appeal from order reducing alimony payments, which had been entered on former husband's motion); *Wright v. Wright*, 76 Idaho 393, 283 P.2d 1101 (1955) (where husband is moving party in proceedings to modify child support and child custody provisions, court has discretion to allow wife attorney fees and expenses). In the instant case appellant filed suit to enforce provisions in the parties' divorce decree allowing variable child support payments. Respondent then sought to modify the support schedule. Under these circumstances the divorce action was "pending" and the district court therefore had discretion to award appellant "any money necessary to enable [her] . . . to prosecute or defend the action."

■ In exercising this discretion, the district court was faced with weighing several disparate factors arising from this consolidated action. Appellant had initiated the action as a contempt proceeding. She was seeking to obtain, on behalf of the minor children in her custody, money for their maintenance. Furthermore, appellant was charged with defending the interests of the children against respondent's attempts to have the child support payments reduced. Finally, the district court ultimately found merit in appellant's claim that respondent was in arrears in his payments, a finding respondent has not appealed.

On the other hand, two years had elapsed since the entry of the divorce decree before the filing of the show cause motion. During these years appellant had had control of the portion of the community property awarded her by the divorce decree. Appellant also had remarried during this time. As this court indicated in *Parker v. Parker*, 97 Idaho 209, 541 P.2d 1177 (1975), such factors are relevant in determining whether to grant attorney fees. In that case Louise Parker moved the court for an order finding Fred Parker, her former husband, in contempt for failing to pay attorney fees in their divorce case, as ordered by the divorce decree. The trial court found him in contempt and he appealed. Subsequently the trial court granted a motion by Louise Parker to require Fred Parker to pay an additional $1000 attorney fees as costs of defending the appeal. This court upheld the contempt order and the award of attorney fees for the contempt action but ruled that the trial court erred in awarding the additional attorney fees:

The trial court abused its discretion in making that award, and the award is set aside. We upheld the attorney fees award to prosecute [the contempt proceeding] in the trial court because it was made to provide Louise Parker with money to reimburse her for expenses and attorney fees incurred before the entry of judgment decreeing her rights in the community property and affording her some control over her share of the community property, i. e., to reimburse her for legal expenses incurred during a time in which she had only limited access to the community's resources. However, after the entry of judgment, Louise Parker had access to and control of her share of the community property, which the trial court had evaluated as worth nearly $100,000 and thus the award cannot be characterized as an award of "*money necessary* to enable the wife . . . to prosecute or defend the action."

97 Idaho at 215, 541 P.2d at 1183.

■ In the instant case, this court will not presume that the district court abused its discretion in weighing the various factors mentioned above. *Glavin v. Glavin*, 94 Idaho 813, 498 P.2d 1286 (1972); *American Ry. Supervisors Ass'n v. Union Pac. Lodge No. 145*, 92 Idaho 925, 453 P.2d 574 (1969). Nor will this court reverse the district court's ruling without a showing by appellant that the court below clearly and manifestly abused its discretion. *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976); *Baldwin v. Ewing*, 69 Idaho 176, 204 P.2d 430 (1949). It is apparent from the record that appellant made no attempt to show that she was unable to pay her attorney— that is, that attorney fees were "necessary."

There is thus nothing in the record before us from which appellant might show and this court conclude that the trial court abused its discretion by refusing to grant attorney fees. Appellant has failed to carry her burden of showing an abuse of discretion. *Turner v. Turner*, 90 Idaho 308, 410 P.2d 648 (1966).

The judgment is therefore affirmed in all respects. Costs to respondent.

DONALDSON and BISTLINE, JJ., concur.

SHEPARD, C. J., and BAKES, J., concur in the result.