190 P.3d 925

**Jeannette M. McKOON aka Hathaway, Plaintiff–Respondent,**

v.

**David Lynn HATHAWAY, Defendant–Appellant,**

and

**E 165' –S2–S2–W2–SW, W 165' –S2–SE–SW of Section 9, Township 48 North, Range 5 West, Boise Meridian, Kootenai County, Idaho, more commonly known at 15605 W Frost Road, Worley, Idaho, Defendant.**

No. 34229.

Court of Appeals of Idaho.

July 2, 2008.

---

John P. Whelan, Coeur d'Alene, for appellant.

Roland D. Watson, Coeur d'Alene, for respondent.

LANSING, Judge.

David Lynn Hathaway appeals the summary judgment granted to Jeannette M. McKoon in her action to quiet title to real property awarded to her in a divorce decree. We affirm.

## I.

## BACKGROUND

Just prior to their marriage in 1988, McKoon and Hathaway purchased a residence on five acres of land with a physical address of 15605 W. Frost Road, Worley, Idaho. This served as the marital home until November 1990, when McKoon filed for divorce. Hathaway did not answer or appear in the divorce action, and McKoon was awarded, as requested in the complaint, "community property accumulated during the marriage as follows: ... the real property located at Route 2, Box 32A, Worley, Idaho and all obligations associated therewith." Route 2, Box 32A, Worley, was the address for a rural mailbox where the couple's mail was delivered, which was located on a farmer's field a half mile from the marital residence. Neither McKoon nor Hathaway had an interest in this field.

McKoon continued to live in the residence on Frost Road following the divorce. Sixteen years later, she filed a complaint to quiet title to the "real property commonly known at 15605 W. Frost Road, Worley, Idaho," which was also described by a metes and bounds legal description. McKoon alleged that she had been granted this property in the divorce decree. Hathaway contested this quiet title action and counterclaimed for a partition sale of the residential property, asserting that McKoon had not been granted this property, but only the mailbox, in the divorce. The parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of McKoon, who was awarded title to the land described in the quiet title complaint. Hathaway appeals.

## II.

### ANALYSIS

**A. The District Court's Interpretation of the Divorce Decree is Supported by Substantial and Competent Evidence**

On review of an order granting summary judgment, we apply the same legal standard as that used by the trial court. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994); *Washington Fed. Sav. & Loan Ass'n v. Lash*, 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). Summary judgment may be entered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho Rule of Civil Procedure 56(c). *See also Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Idaho Bldg. Contractors Ass'n v. City of Coeur d'Alene*, 126 Idaho 740, 742, 890 P.2d 326, 328 (1995). "[W]here the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, 'summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences.'" *Drew v. Sorensen*, 133 Idaho 534, 537, 989 P.2d 276, 279 (1999) (quoting *River-*

*side Development Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982)).

This case hinges on the interpretation of the provision in the divorce decree awarding McKoon "the real property located at Route 2, Box 32A, Worley, Idaho and all obligations associated therewith." The interpretation of decrees or judgments is generally subject to the same rules applicable to construction of contracts. *Toyama v. Toyama*, 129 Idaho 142, 144, 922 P.2d 1068, 1070 (1996); *DeLancey v. DeLancey*, 110 Idaho 63, 65, 714 P.2d 32, 34 (1986). If the language of the decree is unambiguous, the determination of its meaning and legal effect is a question of law over which free review is exercised, *Grecian v. Grecian*, 140 Idaho 601, 603, 97 P.3d 468, 470 (Ct.App.2004); *Toyama*, 129 Idaho at 144, 922 P.2d at 1070, and matters outside the record should not be used to construe it. *State ex rel. Moore v. Scroggie*, 109 Idaho 32, 37, 704 P.2d 364, 369 (Ct.App.1985). If the language is reasonably susceptible to differing meanings, however, it is deemed ambiguous and determination of its meaning is a question of fact. *Pike v. Pike*, 139 Idaho 406, 408, 80 P.3d 342, 344 (Ct.App.2003); *Toyama*, 129 Idaho at 144, 922 P.2d at 1070. The determination whether a provision is ambiguous is itself a question of law. *DeLancey*, 110 Idaho at 65, 714 P.2d at 34. If the court charged with enforcing a judgment finds the judgment ambiguous, it may refer to the circumstances surrounding the making of the judgment in interpreting it, and may refer to the pleadings and other parts of the record in the earlier case. *Lester v. Lester*, 99 Idaho 250, 253, 580 P.2d 853, 856 (1978); *Evans v. City of American Falls*, 52 Idaho 7, 18, 11 P.2d 363, 367 (1932). The trial court's interpretation of an ambiguous judgment or decree will be upheld on review if it is supported by substantial and competent evidence. *Ireland v. Ireland*, 123 Idaho 955, 958, 855 P.2d 40, 43 (1993).

Here, the district court held that the decree unambiguously awarded the five-acre parcel with the family residence, not merely a mailbox. The court also ruled in the alternative that even if the decree was ambiguous, the evidence and reasonable inferences

showed that the decree was intended to resolve the parties' respective interests in the family home.

■ We cannot agree with the district court's first determination-that the decree is unambiguous. To reach its determination that the decree disposed of the residence, the court found it necessary to consider evidence outside of the words of the decree itself, including the fact that the address stated in the decree referred only to a mailbox, not to any land owned by the parties, and that this mailbox was the point of mail delivery for the residence a half mile away. If reference to extraneous evidence is required in order to explain a provision in a decree, the provision itself cannot be unambiguous.

■ We readily find support, however, for the district court's alternative finding that this term in the divorce decree referred to the family residence. The language in the decree referring to the mailbox address as "real property" and referencing the "obligations" associated with it strongly indicates that the provision was intended to address the residence and any related encumbrance. A mailbox is not an item that persons ordinarily would refer to as "real property" or that, standing alone, would ordinarily be encumbered by a mortgage, a lien, or the like. The parties' actions after the divorce are consistent with this interpretation of the decree; McKoon occupied the home for sixteen years following the divorce and paid the obligations related to the property, while Hathaway took no action indicating that he was claiming an ownership interest in it.

■ Hathaway's claim that he believed the divorce court had awarded only the mailbox to McKoon does not preclude summary judgment. Strictly speaking, Hathaway's intent at the time of the divorce is not relevant. Although some Idaho appellate decisions addressing the interpretation of divorce decrees have approached that task as one of determining the intent of the parties, see *Puchner v. Allatt,* 101 Idaho 37, 607 P.2d 1091 (1980); *Lester v. Lester,* 99 Idaho 250, 580 P.2d 853 (1978), in these cases the divorce decree was entered on a stipulation of the parties or it adopted the terms of a marital settlement agreement. Therefore the decree was not a ruling of a judge but a reflection of an agreement that had been reached by the parties. This is not such a case. Where the ambiguous language in a decree was not simply adopted from an agreement of the parties, the inquiry is to determine the intent of the court that entered the decree. See *Greenwood v. Greenwood,* 746 A.2d 358, 361 (Me.2000); *Kruger v. Kruger,* 37 Wash.App. 329, 679 P.2d 961, 962 (1984); *Anderson v. Anderson,* 59 Haw. 575, 585 P.2d 938, 944 (1978).

■ Hathaway next argues that the divorce decree was insufficient to convey a property right because it contained no sufficient legal description of the property. He correctly notes that a judgment that affects an interest in real property should describe the boundaries with such certainty that rights and liabilities are clearly fixed. Thus, Idaho appellate courts have often remanded cases for correction of judgments that inadequately described the property at issue. See *Palmer v. Fitzpatrick,* 97 Idaho 925, 557 P.2d 203 (1976) (remand for determination of location of an easement); *Hedrick v. Lee,* 39 Idaho 42, 227 P. 27 (1924) (remand for more definite description of location of mining claims); *Bethel v. Van Stone,* 120 Idaho 522, 528, 817 P.2d 188, 194 (Ct.App.1991) (remand for precise determination of location of an easement). Hathaway's objection to the divorce decree's description of the property awarded undoubtedly would have had merit if it had been raised in an appeal from that decree. However, Hathaway never made any direct attack on the divorce decree itself, and to the extent that it was insufficient, its terms have now been clarified in this quiet title action. Indeed, that is the very purpose of this action.

■ Hathaway next argues that the divorce decree did not meet the requirements of the statute of frauds and that the district court should not have considered extrinsic or parol evidence in determining the meaning of the provision at issue.

The statute of frauds is Idaho Code § 9-505, which provides in part:

In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:

. . . .

4. An agreement for ... the sale, of real property, or of an interest therein.

 By its plain language, this statute governs contracts or agreements, not court judgments such as a divorce decree. Its purpose is to prevent false or fraudulent contract claims by forbidding disputed assertions of certain types of contracts without any written memorandum of the agreement. *Kelly v. Hodges,* 119 Idaho 872, 874, 811 P.2d 48, 50 (Ct.App.1991). *See also Lexington Heights Development, LLC v. Crandlemire,* 140 Idaho 276, 280–81, 92 P.3d 526, 530–31 (2004). Likewise, the parol evidence rule is a doctrine of contract law. It forbids the consideration of extrinsic evidence to contradict the terms of a written, integrated contract that the parties intend to be a final statement of their agreement. *See Tusch Enterprises v. Coffin,* 113 Idaho 37, 44, 740 P.2d 1022, 1029 (1987); *White v. Rehn,* 103 Idaho 1, 644 P.2d 323 (1982); *Chapman v. Haney Seed Co., Inc.,* 102 Idaho 26, 28, 624 P.2d 408, 410 (1981); *Herrick v. Leuzinger,* 127 Idaho 293, 300, 900 P.2d 201, 208 (Ct.App.1995). Neither of these doctrines of contract law has any application to a court judgment that was not contractually agreed upon by stipulation or settlement agreement.

Hathaway has shown no error in the district court's determination that the 1990 divorce decree awarded the residence at 15605 W. Frost Road and associated acreage to McKoon.

**B. Attorney Fees**

 McKoon requests attorney fees on appeal, but she cites to no legal authority by which such an award would be authorized. Our courts have repeatedly held that no consideration will be given to a request for attorney fees on appeal that is not supported by legal authority or argument. *VFP VC v. Dakota Co.,* 141 Idaho 326, 337–38, 109 P.3d 714, 725–26 (2005); *Robbins v. County of Blaine,* 134 Idaho 113, 996 P.2d 813 (2000); *Meisner v. Potlatch Corp.,* 131 Idaho 258, 954 P.2d 676 (1998); *Petersen v. Franklin County,* 130 Idaho 176, 938 P.2d 1214 (1997); *In re Writ of Prohibition Entitled "Ballot Title Challenge Oral Argument Requested,"* 128 Idaho 266, 912 P.2d 634 (1995). We therefore will make no award.

## III.

## CONCLUSION

The trial court's interpretation of the ambiguous provision in the divorce decree is supported by substantial and competent evidence. We therefore affirm the judgment quieting title in favor of McKoon. Costs on appeal to McKoon.

Chief Judge GUTIERREZ and Judge PERRY Concur.